JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL SANCHEZ, | CASE NO. CV 18-5501-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| BMW OF NORTH AMERICA, LLC; et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand, filed on July 10, 2018. (Dkt. No. 9). Having been briefed by the parties, this Court took the matter under submission on August 2, 2018.

Plaintiff moves to remand on the ground that the parties are not diverse. It appears that Defendants argue that the parties are diverse because Defendant SAI Monrovia B Inc., DBA Mini of Monrovia ("Dealer") was joined in bad faith—or, alternatively, fraudulently joined—for the sole purpose of defeating diversity and therefore Dealer's citizenship should be disregarded.

"Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Id.* "Joinder of a non-diverse defendant is

deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "Demonstrating fraudulent joinder, however, requires more than merely showing that plaintiff has failed to state a claim for relief." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Id.* (emphasis in original). "Defendants must show that the relevant state law is so well settled that plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Id.*

Plaintiff sues Dealer on the basis of implied warranty claims against Dealer. Defendant BMWNA argues that Plaintiff's motion should be denied because Plaintiff did not add any additional allegations against Dealer. However, this argument is without merit.

CCP §472(a) permits Plaintiff to amend their complaint once, without leave of court, before an answer is filed. Here, the First Amended Complaint was filed on June 1, 2018. The Answer was filed on June 19, 2018. Accordingly, Plaintiff timely amended the complaint. Further, every sale of consumer goods that are sold at retail in California shall be accompanied by the retail seller's implied warranty that the goods are merchantable. Cal. Civ. Code §1792. Plaintiff's remedies under the implied warranty claims stem directly from the retail seller (Dealer). Because Plaintiff purchased the vehicle directly from Dealer, it was appropriate for Plaintiff to join Dealer as a party to this action to ensure that Plaintiff is made whole. Therefore, Plaintiff timely and properly asserted a claim against Dealer in the First Amended Complaint.

In addition, Defendants do not show that Plaintiff's breach of implied warranty claim is "impossible as a matter of California law." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1055 (C.D. Cal. 2013). Further, Defendants do not meet their heavy burden of demonstrating that Dealer was joined in bad faith—or, alternatively, fraudulently joined. Nor has Defendant BMWNA met its burden of showing that the relevant state law is so well settled that plaintiff

would not be afforded leave to amend his complaint to cure the purported deficiency. Because Dealer is incorporated in California and has its principal place of business in California, it is a California citizen for diversity jurisdiction purposes. Therefore, Dealer's citizenship destroys complete diversity because Plaintiff is also a California citizen.

Notwithstanding the above, the Court will not award attorney's fees because Defendant's removal was not "objectively unreasonable."

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 9).

Dated: September 4, 2018.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE